## BUFORD vs. THE REAL ESTATE BANK.

A summons, by which the sheriff is commanded to summon the defendant to appear, " on the third Monday of our next March term, A. D. 1841, at a court, to be holden on the 15th day of March next," that day being the third Monday of March, and the the day on which, by law, the court is required to be held, and the court, by law, sitting only one week, is good.

The Real Estate Bank is entitled to interest, at the rate of ten per cent. per annum, on all notes, &c., due her, after maturity, and it is not necessary to demand it in the declaration.

THIS was an action of debt, determined in the Poinsett Circuit Court, in March, 1842, before the Hon. JOHN C. P. TOLLESON, one of the circuit judges. Buford and others were sued in debt, on a note, payable to the bank, for $320. A summons issued, commanding the defendant to be summoned to appear, " on the third Monday of our next March term, A. D. 1841, at a court, to be holden on the 15th day of March next." The summons was served on Buford, alone. The case was continued to March term, 1842, at which time the case was discontinued as to the other defendants, and judgment, by default, against Buford, for the debt, and interest at ten per cent., from the time the note fell due. The case came up by writ of error.

*W. Byers*, for plaintiff in error. The writ is void, for uncertainty. The law requires the writ to command the party to appear on the first day of the term. *Rev. Stat. title "Practice of Law," p.* 619, *sec.* 3, 7.

The service of the writ is not good. The return of the sheriff does not state where it was executed. *Gilbreath vs. Kuykendall,* 1 *Ark.* 50. *Rose vs. Ford,* 2 *ib.* 26. *Webb vs. Morehouse, Adm.* 3 *ib.* 261. *Dawson et al. vs. State Bank,* 3 *ib.* 505. *Johnson et al. vs. State Bank, ib.* 522.

Judgment is given for 10 per cent. interest per annum, when it is not claimed by the declaration, and there is no law of the land authorizing such judgment. The 6th section of the act of the Legislature, passed and approved 3d March, 1838, which extends the right, in certain cases, to the State Bank, (*Acts of Assembly, of* 1838, *p.* 137), does not confer this right upon the defendant. The powers conferred upon the Real Estate Bank, by this act, are those enumerated in the 5th section thereof, only. The printed statute shall be received as evidence of the law. *Rev. Stat. p.* 370.

*Pike & Baldwin*, contra. The mistake is a mere clerical misprision, and it is evident that the meaning was to summon the defendants to appear at the next March term, to be holden on the third Monday, or 15th day, of March. There could be no third Monday of the term. It could be holden but one week. No favor ought to be shown here, to such objections. In fact, a writ of error ought not to lie to a judgment by default. The party should be put to his writ of error, *coram nobis.* The jurisdiction of this court is as strictly appellate, as that of the Court of Errors, of New-York. *Campbell vs. Stokes,* 2 *Wend.* 145. *Houghton vs. Staw,* 4 *Wend.* 179, 181. *Kane vs. Whittick,* 8 *Wend.* 227. *Sands vs. Hildreth,* 14 *J. R.* 493. *Gelston vs. Hoyt,* 13 *J. R.* 361. *Henry vs. Cuyler,* 17 *J. R.* 469. *Colden vs. Knickerbocker,* 2 *Cowen,* 31.

The judgment for 10 per cent. interest, was correct. *Bank of State vs. Clark,* 2 *Ark.* 375.

*By the Court,* DICKINSON, J. The objection to the writ is not well taken. The process states, with sufficient certainty, at what time the

party is required to appear, and it shows the term of the court, by fixing the day upon which, by law, the term was to commence. The question of interest has already been decided, in other cases.

Judgment affirmed.